IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTWIN D. JENKINS,<br>#09778-025,<br><br>     Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE,<br>UNITED STATES MARSHAL SERVICE,<br>WHITE COUNTY JAIL EMPLOYEES,<br>WHITE COUNTY JAIL SHERIFF,<br>and RANDY COBB,<br><br>     Defendants. | Case No. 17-cv-00937-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Antwin Jenkins is currently confined in White County Jail ("Jail") located in Carmi, Illinois. He has been housed there on a federal holdover since July 24, 2017. Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971), in order to challenge various aspects of his confinement at the Jail. (Doc. 21). He seeks monetary damages against the defendants. (Doc. 21, p. 6). Plaintiff's Second Amended Complaint[1] is now before the Court for preliminary review under 28 U.S.C. § 1915A, which provides:

---

[1] Plaintiff filed his original Complaint on August 31, 2017. (Doc. 1). Before the Court screened it, he filed a Motion to Amend Complaint on September 18, 2017. (Doc. 6). The Court denied the Motion the following day because the proposed amendment was piecemeal. (Doc. 8). Plaintiff was granted leave to file a complete First Amended Complaint on or before October 17, 2017. *Id.* Prior to the deadline, he filed a Motion for Leave to File First Amended Complaint (Doc. 11) and a complete First Amended Complaint. The Court granted Plaintiff's Motion in an Order dated October 31, 2017. (Doc. 16). However, just two weeks later on November 13, 2017, Plaintiff requested leave to file another amended complaint, again relying on a piecemeal amendment. (Doc. 17). The Court denied the motion on November 15, 2017, and ordered Plaintiff to file a complete Second Amended Complaint no later than

1

(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Second Amended Complaint

Plaintiff brings five claims against the defendants for conduct that began in July 2017. (Doc. 21). He complains that the defendants interfered with his mail, denied him outdoor recreational opportunities, denied him access to an electronic law library, and deprived him of adequate nutrition. *Id*. A summary of the allegations offered in support of each claim is set forth below.

---

December 13, 2017. (Doc. 18). Plaintiff complied with this Order by filing the Second Amended Complaint that is now before the Court for preliminary review. (Doc. 21).

1. **Interference with Legal Mail**

Plaintiff alleges that his legal mail was photocopied and distributed to members of the Jail's staff without his permission on at least one occasion. (Doc. 21, p. 5). On August 23, 2017, Randy Cobb (Jail administrator) and Officer Hamblin (non-party) called Plaintiff out of his cell to speak with him. *Id*. Cobb informed Plaintiff that the Jail's staff members were aware of the complaint he filed against them in federal court. *Id*. Cobb asked Plaintiff to withdraw it. *Id*.

At the time, Plaintiff noticed that Cobb was holding a copy of the complaint. (Doc. 21, p. 5). He recalled asking an unknown officer to photocopy his "legal mail" the previous night, but Plaintiff did not grant the officer permission to make and distribute additional copies to staff. *Id*. Plaintiff maintains that the officer's decision to interfere with his legal mail without his permission violated his constitutional rights. *Id*.

2. **Denial of Outdoor Recreation**

Plaintiff also claims that he has been denied all opportunities for outdoor recreation since he arrived at the Jail on July 24, 2017. (Doc. 21, p. 5). He is confined in a cell with 9 adult men for 24 hours per day. *Id*. The cell is the size of a single car garage, and Plaintiff describes it as overcrowded. *Id*. He cannot exercise in the cell because it is too small and too hot. *Id*. The only time he is allowed outside is for court hearings and medical appointments. *Id*. Plaintiff suffers from asthma and claims that the denial of fresh air makes it difficult to breathe. *Id*. His joints have become stiff. *Id*. In addition, Plaintiff lacks the vitamins and nutrients provided by sunlight. *Id*.

He asked Cobb to authorize outdoor recreation for the federal inmates who are housed at the Jail. (Doc. 21, p. 5). However, Cobb told him that the Jail is "federally controlled" by the United States Marshal Service, and an unnamed supervisory official informed Cobb that

"[f]ederal inmates were not to rec[ei]ve recreation." *Id*. Plaintiff maintains that federal inmates in administrative detention and segregation are generally allowed to have at least one hour of outdoor recreation. *Id*. Given that he is not housed in segregation or administrative detention, Plaintiff claims that the denial of recreation amounts to cruel and unusual punishment. *Id*.

**3.     Inadequate Law Library**

Plaintiff next challenges the lack of legal resources at the Jail. (Doc. 21, p. 5). He is unaware of any federally funded holding facility located in the federal judicial district for the Southern District of Illinois that is equipped with an electronic law library. *Id*. However, Plaintiff points out that federal detention centers usually provide inmates with access to case law, federal court rules, and other legal materials. *Id*. The Jail does not. *Id*. As a result, Plaintiff is unable to research "his civil case." *Id*. The lack of adequate legal resources allegedly violates Plaintiff's right to due process of law. *Id*.

**4.     Inadequate Diet**

Plaintiff also complains about the Jail's diet. (Doc. 21-1, p. 1). Cobb has authorized "a consistent diet of unhealthy food." *Id*. Each day, inmates are routinely served a single bowl of cereal for breakfast, a microwavable sandwich and small bag of potato chips for lunch, and a microwavable "t.v. dinner" each night. *Id*. Under Illinois law, Plaintiff claims that county jails are required to "rotate their menu every 90 days." *Id*. However, the Jail's menu has not changed since Plaintiff arrived at the Jail on July 24, 2017. *Id*. Plaintiff adds that the food is "often outdated and molded." (Doc. 21-1, p. 2).

Plaintiff and other federal inmates have spoken with Cobb about the menu on several occasions. (Doc. 21-1, p. 5). Each time, he promises to change the menu. *Id*. However, Cobb never does. *Id*. Several federal inmates filed a joint complaint with Cobb on or around October

4

12, 2017.  *Id*.  In it, they complained that the processed foods and mashed potatoes are unhealthy.  *Id*.  The federal inmates requested fresh fruit or another "healthy alternative" at each meal.  *Id*.  Plaintiff noted that some federal inmates receive fish, turkey, chicken, pulled pork, beans, fresh fruit, and fresh vegetables.  *Id*.  He argues that the United States Government provides the Jail with "more than enough funds to properly feed" federal inmates.  *Id*.  Cobb did not respond to the complaint.  *Id*.  The County continues to "cut corners," and the United States Marshal Services has inspected and approved the menu.  (Doc. 21-1, pp. 1-2).  Plaintiff maintains that the inadequate diet constitutes cruel and unusual punishment.  (Doc. 21-1, p. 2).

**5.     Interference with Personal Mail**

Finally, Plaintiff complains about the interference with his personal mail by Jail officials.  (Doc. 21-1, p. 2).  When he arrived at the Jail on July 24, 2017, Plaintiff was given a free phone call.  *Id*.  During the recorded call, he gave family and friends his new address and informed them to use the address to contact him by mail.  *Id*.  During the next few weeks and months, Plaintiff learned that these family members and friends sent mail and money orders to him at the new address.  *Id*.  Plaintiff did not receive any of this mail.  *Id*.

On August 15, 2017, he complained to Cobb about the fact that he was not receiving his mail.  (Doc. 21-1, p. 2).  Cobb did not respond.  *Id*.  Plaintiff then complained to an unknown officer, who suggested that Plaintiff's family and friends mailed the letters and money orders to the wrong address.  *Id*.  Only after Plaintiff filed his lawsuit in federal court on August 28, 2017, did he begin to receive his mail.  *Id*.  However, Plaintiff has still not received any mail that was sent to him between the dates of July 24, 2017, and August 28, 2017.  (Doc. 21-1, pp. 3-4).  He names White County Jail employees and the United States Postal Service (*i.e.*, St. Louis,

Missouri; Belleville, Illinois; Fairview Heights, Illinois; and Centralia, Illinois) in connection with this claim. (Doc. 21-1, p. 4).

## **Discussion**

The Court deems it appropriate to divide the *pro se* action into the following enumerated counts to facilitate the orderly management of future proceedings in this case and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b):

> **Count 1 -** Jail Administrator Cobb and Officer Hamblin refused to stop the widespread distribution of Plaintiff's legal mail to staff by an Unknown Jail Staff Member on or around August 23, 2017, unless Plaintiff agreed to dismiss his federal suit, in violation of Plaintiff's constitutional rights.
>
> **Count 2** - Jail Administrator Cobb, acting on the orders of an Unknown United States Marshal Supervisor, refused to authorize any outdoor recreation for federal inmates at the Jail, in violation of Plaintiff's constitutional rights.
>
> **Count 3** - The United States Marshal Service and White County Jail Sheriff offered Plaintiff inadequate access to legal materials, including an electronic law library, in violation of Plaintiff's constitutional rights.
>
> **Count 4 -** Jail Administrator Cobb and the United States Marshal Service endangered Plaintiff's health by authorizing a steady diet of unhealthy and old food, in violation of his constitutional rights.
>
> **Count 5 -** The United States Postal Service, United States Marshal Service, and Unknown Jail Staff Members routinely interfered with Plaintiff's personal mail, and Jail Administrator Cobb took no action to address the problem, in violation of Plaintiff's constitutional rights.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. These designations do not constitute an opinion regarding the merits of the above-referenced claims. Any other claims in the Second

Amended Complaint that are not identified above are inadequately pled under *Twombly* and are considered dismissed without prejudice from this action.

## Preliminary Matters

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). He refers to both in the Second Amended Complaint. (Doc. 21, p. 1). This is presumably because Plaintiff names state and federal officials as defendants. *Id*. Section 1983 imposes tort liability on state actors, and sometimes their employers, for violations of federal rights. *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013). *Bivens* provides a private cause of action for damages against federal actors for constitutional torts. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (citing *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 66 (2001)). Put differently, a *Bivens* action is the federal corollary to a § 1983 action.

Liability under both § 1983 and *Bivens* hinges on personal involvement in a constitutional deprivation. *Ashcroft v. Iqbal*, 556 U.S. at 676 (2009). Government officials may not be held liable for the unconstitutional conduct of their subordinates under either § 1983 or *Bivens* because the doctrine of *respondeat superior* is inapplicable in both contexts. *Id*. (citing *Monell v. New York City Dept. of Social Servs.,* 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under § 1983)). As the United States Supreme Court explained in *Iqbal*, "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*.

For this reason, Plaintiff cannot assert claims against poorly-defined groups of defendants that include entire government agencies. Most of the defendants listed in the case caption fit into

7

this category, including White County Jail Employees, the United States Postal Service, and the United States Marshal Service. The Court is simply unable to discern who in these ill-defined groups was personally involved in the deprivation of Plaintiff's constitutional rights. Further, the Court will not guess or make the decision for Plaintiff. Defendants White County Jail Employees, United States Postal Service, and United States Marshal Service shall be dismissed from this action with prejudice.

This does not mean that Plaintiff's claims are foreclosed against individuals who are employed at White County Jail, the United States Postal Service, and the United States Marshal Service. However, Plaintiff must re-plead his claims against the *specific individuals* who were responsible for the deprivation of his constitutional rights or bring those claims in a separate action altogether. If he does not know the names of particular individuals, he should simply refer to each individual in generic terms in the case caption and throughout the statement of his claim (*e.g.*, "John Doe (Mailroom Employee #1)" or "Jane Doe (United States Marshal Service Supervisor)"). *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). The Court will then establish a plan and deadlines for identifying the unknown defendants with specificity during the course of litigation.

The fact that Plaintiff may have already referred to individuals in generic terms or by name in the statement of his claim is not enough, where he failed to identify them as defendants in this action. These individuals include, but are not limited to, Officer Hamblin, Unknown United States Marshal Supervisor, and various Unknown Jail Staff Members. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th

Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). All claims against these individuals are dismissed without prejudice to Plaintiff pursuing relief against them by filing an amended complaint in this case, in which he names them as defendants, or by bringing a separate action against them.

The Court now returns to the question of whether this suit is properly brought pursuant to § 1983 or *Bivens*. The only remaining defendants are the White County Sheriff and Jail Administrator Cobb. Claims against local officials are generally brought pursuant to § 1983, even when raised by federal prisoners. *See, e.g., Belbachir*, 726 F.3d at 978 (contract between the Federal Bureau of Prisons and a county jail does not automatically transform a state actor into a federal officer). *See also Hunter v. Amin*, 583 F.3d 486 (7th Cir. 2009); *Lewis v. Downey*, 581 F.3d 467, 471 n. 3 (7th Cir. 2009); *Ortiz v. Downey*, 561 F.3d 664 (7th Cir. 2009); *Grieveson v. Anderson*, 538 F.3d 763 (7th Cir. 2008); *Porro v. Barnes*, 624 F.3d 1322 (10th Cir. 2010); *Wilson v. Blankenship*, 163 F.3d 1284 (11th Cir. 1998)) (allowing § 1983 claims by federal prisoners to proceed against county or city employees). For purposes of this screening order, the Court assumes, without deciding, that Plaintiff's claims arise under § 1983.

Before considering each claim, the Court also notes that Plaintiff's status as a pretrial detainee or prisoner is unclear. The applicable legal standard for Plaintiff's claims depends on his status. This question cannot be answered by looking to the allegations in the Second Amended Complaint. For purposes of this screening order, this question need not be answered. Plaintiff's status can be determined as the case proceeds.

**Count 1**

The allegations offered in support of Count 1 articulate a viable First Amendment claim for retaliation against Jail Administrator Cobb, based on his refusal to stop the widespread

distribution of Plaintiff's legal mail among the Jail's staff in retaliation for filing a federal suit against Jail officials. To establish a prima facie case of retaliation, an inmate must produce evidence that (1) he engaged in constitutionally protected speech, (2) he suffered a deprivation likely to deter protected speech, and (3) his protected speech was a motivating factor in the defendants' actions. *Antoine v. Ramos*, 497 F. App'x 631, 634 (7th Cir. 2012). Filing a lawsuit is considered protected activity under the First Amendment. *Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009). An act taken in retaliation for protected activity under the First Amendment violates the Constitution. *Surita v. Hyd,* 665 F.3d 860, 874 (7th Cir. 2011). The allegations satisfy these requirements at screening. Accordingly, Count 1 shall receive further review against Cobb.[2]

**Count 2**

Construed liberally, the allegations support an Eighth Amendment claim against Jail Administrator Cobb for denying Plaintiff any opportunities to exercise outside of his crowded cell. The Eighth Amendment to the United States Constitution prohibits cruel and unusual punishment and applies to the states through the Due Process Clause of the Fourteenth Amendment. *Gillis v. Litscher*, 468 F.3d 488, 491 (7th Cir. 2006) (citing *Robinson v. California*, 370 U.S. 600 (1962)). The Seventh Circuit has observed that "an unjustified, lengthy deprivation of opportunity for out-of-cell exercise 'could reasonably be described as cruel and, by reference to the current norms of American prisons, unusual.'" *Winger v. Pierce*, 325 F. App'x 435, *1 (7th Cir. 2009) (quoting *Pearson v. Ramos*, 237 F.3d 881, 884 (7th Cir. 2001)); *see also Turley v. Rednour*, 729 F.3d 645, 652 (7th Cir. 2013) (finding that a "pattern of prison-wide lockdowns . . . occur[ing] for flimsy reasons or no reason at all" may support a claim for the deprivation of

---

[2] The potential claim against the Unknown Jail Staff Member and Officer Hamblin is dismissed without prejudice, based on Plaintiff's failure to identify either of these individuals as defendant in this action.

exercise). Further, the Seventh Circuit has repeatedly held that deprivations of outdoor recreation support a claim under the Eighth Amendment. *See, e.g., Delaney v. DeTella*, 256 F.3d 679, 684 (7th Cir. 2001) (inmate denied yard access for six months suffered sufficient constitutional deprivation); *Pearson*, 237 F.3d at 884-85 (7th Cir. 2001) (denial of yard privileges for more than 90 days may be cognizable under Eighth Amendment); *see also Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 810 (10th Cir. 1999) (nine-month denial of outdoor exercise states Eighth Amendment claim). The length of Plaintiff's deprivation is unclear at this point. However, Plaintiff allegedly complained directly to Cobb about the adverse impact the denial of outdoor exercise had on him. Plaintiff asked Cobb for access to outdoor exercise opportunities, and Cobb denied his request.[3] Although the Court takes no position regarding the ultimate merits of this claim, Plaintiff shall be allowed to proceed with the Eighth Amendment claim in Count 2 against Cobb.

**Count 3**

The allegations state no claim for denial of access to adequate legal materials, including an electronic law library, against the Sheriff.[4] "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison

---

[3] As already explained above, Plaintiff's claim against the Unknown United States Marshal Service Supervisor who allegedly authorized the denial of all outdoor exercise to federal inmates fails because Plaintiff did not name this individual (even in generic terms) in the case caption of the complaint.
[4] Plaintiff also named the entire United States Marshal Service in connection with this claim. As previously stated, this defendant is dismissed without prejudice from this action.

conditions." *Id.* Plaintiff offers the Court no insight into a potentially meritorious claim that was lost or impeded because he lacked sufficient legal resources, including an electronic law library, at the Jail. Accordingly, Count 3 shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

**Count 4**

The Court will also allow Plaintiff's inadequate nutrition claim to proceed at this time. Prison conditions that deprive inmates of basic human needs, such as inadequate nutrition, health, or safety, may constitute cruel and unusual punishment under the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). The Constitution requires prison officials to provide inmates with "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). Plaintiff alleges that Cobb authorized a steady diet of old and unhealthy food, despite the known negative health consequences associated with the diet. Plaintiff and other inmates filed a written complaint with Cobb, without any success. In the Eighth Amendment context, an inmate's "correspondence to a prison administrator may . . . establish a basis for personal liability under § 1983 where that correspondence provides sufficient knowledge of a constitutional deprivation." *Perez*, 792 F.3d at 777-78 (citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996)). Given Plaintiff's efforts to put Cobb on notice of his objections to the health risks to Plaintiff posed by the Jail's diet, the Court cannot dismiss this claim against the defendant at this time. Count 4 shall receive further review against Jail Administrator Cobb.

**Count 5**

The allegations support a First Amendment claim against Jail Administrator Cobb for failing to address the routine interference with the plaintiff's mail by Jail staff. Plaintiff alleges that he notified Cobb of the regular denial of his mail, and Cobb chose to do nothing. The First Amendment "applies to communications between an inmate and an outsider." *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000). A valid mail interference claim requires an allegation that there has been "a continuing pattern or repeated occurrences" of denial or delay of mail delivery. *Id*. The occasional disruption or short-term delays in mail service will not violate the Constitution. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Sizemore v. Wiliford*, 829, F.2d 608, 610 (7th Cir. 1987))). In this case, Plaintiff alleges that he was denied access to his mail beginning in July 2017 and did not begin receiving any mail at all until he filed a suit in federal court. Even then, he was unable to recover the mail he was denied prior to the date he filed his federal suit. Despite notifying Cobb of this issue, the Jail administrator took no action. At this stage, Count 5 cannot be dismissed against Cobb.

**Pending Motion**

Plaintiff's Motion to Appoint Counsel (Doc. 5) shall be **REFERRED** to a United States Magistrate Judge for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that Defendants **UNITED STATES POSTAL SERVICE, UNITED STATES MARSHAL SERVICE,** and **WHITE COUNTY JAIL EMPLOYEES** are **DISMISSED** from this action with prejudice and Defendant **WHITE COUNTY JAIL SHERIFF** is **DISMISSED** without prejudice because the Second Amended Complaint fails to state any claim against these defendants upon which relief may be granted.

**IT IS ORDERED** that **COUNT 3** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNTS 1, 2, 4,** and **5** are subject to further review against Defendant **RANDY COBB**. As to **COUNTS 1, 2, 4,** and **5**, the Clerk of Court shall prepare for the Defendant: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 21), and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Second Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a decision regarding Plaintiff's Motion to Appoint Counsel (Doc. 5).

Further, this entire matter shall be **REFERRED** to a **United States Magistrate Judge** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 18, 2018**

<u>s/J. Phil Gilbert</u>
**United States District Judge**