IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTWON D. JENKINS,<br>Plaintiff,<br><br>v.<br><br>RANDY COBB,<br>Defendant. | Case No. 17–CV–00937–JPG–MAB |

## ORDER

### I. INTRODUCTION

This is a prisoner civil-rights case brought under 42 U.S.C. § 1983. Plaintiff Antwon D. Jenkins asserts claims under the First and Eight Amendments to the United States Constitution. (ECF No. 22). Defendant Randy Cobb filed a motion for summary sudgment, (ECF No. 57), and Plaintiff filed a cross-motion for summary judgment, (ECF No. 61). Magistrate Judge Mark Beatty issued a report recommending this Court to deny summary judgment for either party on Counts 1, 2 and 5, and to grant summary judgment in favor of Defendant on Count 4. (ECF No. 67). Plaintiff objected to the latter recommendation, (ECF No. 72), prompting de novo review by this Court. The Court agrees with Magistrate Judge Beatty.

### II. PROCEDURAL & FACTUAL HISTORY

The Court conducted a threshold review of the complaint in order to assist Plaintiff in articulating his claims. (ECF No. 22). The Court identified five claims but dismissed Count 3 from the onset for failure to state a claim. Plaintiff only objects to Magistrate Judge Beatty's recommendation to grant summary judgment in favor of Defendant on Count 4. Accordingly, finding no clear error, the Court adopts the report's factual and legal findings on Counts 1, 2, and 5.

Plaintiff was an inmate at White County Jail in Carmi, Illinois during the events relevant to this case. (ECF No. 22 at 1). In Count 4, Plaintiff argues that Defendant—the Jail Administrator at

White County Jail—intentionally served Plaintiff "a consistent diet of unhealthy food." (ECF No. 21–1 at 1). Specifically, Plaintiff alleges that he was served the same three meals every day: a bowl of cereal for breakfast; a microwavable sandwich and a small bag of potato chips for lunch; and a microwavable "T.V." meal for dinner. (ECF No. 21–1 at 1). Plaintiff states that Defendant was required to rotate the meals served to inmates every ninety days. (ECF No. 21–1 at 1). Plaintiff also maintains that Defendant failed to respond to a written complaint that he submitted jointly with other inmates. (ECF No. 21–1 at 1). Finally, Plaintiff contends that the food was often outdated and molded. (ECF No. 21–1 at 2). As a result, Plaintiff states that he "became sick, experienced diarrhea, experienced an upset stomach, blood in his stool, boils, vomiting, hemorrhoids, and difficulty urinating." (ECF No. 61 at 13).

In response, Defendant asserts that Plaintiff "was properly fed at all times" and "received a well-rounded, nutritional meal which satisfies the nutritional guidelines set by the Illinois Department of Corrections." (ECF No. 58 at 2). Additionally, Defendant attests that Plaintiff was placed on a "medical diet" by his physician that entitled Plaintiff to meals from Little Giant's Deli. (ECF Nos. 58–1 at 2, 61–1 at 1). Plaintiff denies being placed on a medical diet, (ECF No. 61 at 12), and his initial Arrest and Booking Detail Page indicates that Plaintiff did not "have a special diet prescribed by a physician," (ECF No. 61 at 25).

### III. LAW & ANALYSIS

Local Rule 73.1(b) of the United States District Court for the Southern District of Illinois states the following:

> A District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.

Summary judgment is appropriate where the record shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. A "genuine dispute" exists when a rational factfinder, considering the evidence in the summary judgment record, could find in favor of the nonmovant. Ricci v. DeStefano, 557 U.S. 557, 587 (2009). Accordingly, a dispute is genuine where there is a real basis for it in the evidentiary record. Scott v. Harris, 550 U.S. 372, 380 (2007). The moving party can meet its burden by pointing out for the Court an absence of evidence in support of the nonmovant's claims. Spierer v. Rossman, 798 F.3d 502, 508 (7th Cir. 2015). "Upon such a showing, the nonmovant must then 'make a showing sufficient to establish the existence of an element essential to that party's case.' " Modrowski v. Pigatto, 712 F.3d 1166, 1168 (7th Cir. 2013) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 425 (1986)). The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), and may not rest upon the mere allegations in the pleadings or conclusory statements in affidavits, Celotex Corp., 477 U.S. at 324.

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual punishment." This includes inhumane conditions of confinement. Whitley v. Albers, 475 U.S. 312, 319 (1986). Detainees have a right to "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to [their] health and well-being." French v. Owen, 777 F.2d 1250, 1255 (7th Cir. 1985); Prude v. Clarke, 675 F.3d 732, 734 (7th Cir. 2012) ("Deliberate withholding of nutritious food or substitution of tainted or otherwise sickening food . . . would violate the Eight Amendment."). With that said, "[t]he Eighth Amendment does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans." Carroll v. DeTella, 255 F.3d 470, 472 (7th Cir. 2001).

To succeed, Plaintiff must first show that the meals served denied him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The deprivation must be objectively serious enough to pose a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Plaintiff must then establish that Defendant acted with deliberate indifference—that Defendant was aware of and disregarded an excessive risk to Plaintiff's health. Id.

In McRoy v. Aramark Correctional Servs., Inc., 268 Fed. App'x 479, 481 (7th Cir. Mar. 13, 2008), the prisoner-plaintiff alleged that the jailer-defendant served him bloody meat and sour milk. The plaintiff further alleged that the spoiled food made him ill, and he allegedly experienced "upset stomach, diarrhea, vomiting, hemorrhoids, blood in his stool, swollen hands and feet, boils, and problems urinating." Id. The plaintiff was never diagnosed with food poisoning. Id. He filed numerous grievances to the defendant; the defendant replaced the meals but disputed that the plaintiff was ever served spoiled food. Id. To support his Eighth Amendment claim, the plaintiff presented the court with his own testimony and that of a jail doctor that suggested "that, in certain circumstances, ingesting undercooked and spoiled food and milk can cause severe illness." Id. at 482. The Seventh Circuit first noted that it was a "close question as to whether this evidence is enough to raise a triable issue on whether the food and milk exposed him to an 'objectively serious' danger." Id. But in affirming the district court's grant of summary judgment for the defendant, the court determined that since the defendant followed procedures to ensure that the food and milk it served were safe and replaced meals when asked, the plaintiff failed to establish that the defendant acted with deliberate indifference. Id.

Like in McRoy, it is a close question as to whether Plaintiff presented enough evidence to establish that the allegedly outdated and moldy food exposed him to an objectively serious danger. But unlike the plaintiff in McRoy that provided the Court with medical testimony, Plaintiff failed to link the outdated and moldy food to any of the symptoms that he claims to have experienced. Nor does Plaintiff provide more than a scintilla of evidence that would allow the Court to determine the

extent or frequency of the alleged violation. See Powell v. Kingston, No. 05–C–112–C, 2005 WL 752233, at *3 (W.D. Wis. Mar. 29, 2005) ("That petitioner was served meals in bags that on occasion included rotten fruit . . . does not suggest that he faced a substantial risk of serious harm to his health."). And absent any supporting evidence, there is no immediate hazard in eating cereal and microwavable meals every day.

Plaintiff failed to provide enough evidence to meet his burden; no evidence exists on the record supporting Plaintiff's claim that Defendant frequently provided him outdated and moldy food. Nor does Plaintiff provide the Court with any medical records that support his claim that the food made him so sick that he experienced hemorrhoids and boils, among other things; there is no record that Plaintiff was diagnosed with food poisoning, or that hemorrhoids and boils are symptoms of food poisoning. Other than conclusory statements in the complaint and his own affidavit, Plaintiff failed to show the Court how the food provided to him was in any way unwholesome or that any illness resulted. For these reasons, Plaintiff failed to establish the first prong of his deliberate indifference claim.

## IV. CONCLUSION

The factual disputes regarding Count 4 are not genuine, and Defendant is entitled to judgment as a matter of law. Accordingly, the Court **ADOPTS** Magistrate Judge Beatty's report in its entirety, (ECF No. 67), **GRANTS IN PART AND DENIES IN PART** Defendant's motion for summary judgment, (ECF No. 57), and **DENIES** Plaintiff's cross-motion for summary judgment, (ECF No. 61).

SO ORDERED.

**Dated: Friday, October 18, 2019**

S/J. Phil Gilbert
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**